86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lucas ORNELAS-MARTINEZ, Defendant-Appellant.
 No. 95-35945.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lucas Ornelas-Martinez appeals the district court's denial of his 28 U.S.C. § 2255 motion. Ornelas-Martinez is serving twenty years in prison for weapons, drug, and communications offenses. He claims his attorneys rendered ineffective assistance by: failing to seek the suppression of incriminating statements he made at the time of his arrest; failing to pursue a motion for dismissal on double jeopardy grounds, and; preventing him from testifying at trial. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995). To prevail on his claim, Ornelas-Martinez must overcome the "strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance," United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996), showing a "reasonable probability that but for counsel's unprofessional errors, the results would have been different," id.
 
 
 4
 Ornelas-Martinez claims that his first attorney, Mark Mestel, should have sought to suppress statements he made at the time of his arrest. We conclude that such a motion would not have helped Ornelas-Martinez's case.
 
 
 5
 Federal agents arrested Ornelas-Martinez at his house where they went to execute a search warrant they obtained after gathering substantial evidence against him and his coconspirators through the use of an authorized wiretap. Mestel challenged both the wiretap and the warrant without success. In light of the probable testimony of the agents whose report showed that they had complied with Miranda v. Arizona, 384 U.S. 436 (1966), and the weight of the wiretap evidence whose admission was upheld, we conclude that Mestel's failure to challenge his client's post-arrest statements was neither unreasonable nor prejudicial. See Span, 75 F.3d at 1387.
 
 
 6
 Ornelas-Martinez next claims that his trial attorney, Michael Rasch, should have pursued a motion to dismiss the charges against him on double jeopardy grounds. We disagree.
 
 
 7
 Five days into Ornelas-Martinez's projected six-week trial in Seattle, a medical emergency forced the presiding judge, Samuel Conti, to return to San Francisco. A mistrial was declared, and a new trial under district judge Barbara Rothstein convened three months later. Although they had twice requested a mistrial before Judge Conti fell ill, the appellant and his codefendants claimed double jeopardy barred their prosecution after Judge Rothstein declared a mistrial due to Judge Conti's condition. They asserted that dismissal was warranted because their investigation revealed that Judge Conti was not really sick. After Judge Rothstein explained the nature of Judge Conti's illness and his reasons for wishing to keep it confidential, all defendants withdrew their motion for dismissal. On these facts, we conclude that Rasch acted reasonably by desisting to pursue dismissal. See Span, 75 F.3d at 1387.
 
 
 8
 Ornelas-Martinez claims, finally, that Rasch showed his ineffectiveness by preventing him from testifying. We discern no basis for this claim.
 
 
 9
 The record reflects that Judge Rothstein advised each defendant of his right to testify, and that Ornelas-Martinez signed a form declaring that he understood he could testify but that he chose not to. There is nothing to suggest that Rasch prevented his client from testifying or that Ornelas-Martinez's testimony would have affected the outcome of the proceeding. See Span, 75 F.3d at 1387.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal